(No. 2626— )

MARIE PIPER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1936.*

MARIE PIPER, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on January 28th, 1934, claimant was an employee of the respondent in the office of the Secretary of State, and was working as an elevator operator in the Centennial Building in the City of Springfield, at a salary of $110.00 per month.

On the last mentioned date, claimant slipped and fell while returning from the rest room in said Centennial Building to the elevator, and injured her left elbow, wrist and knee.

It appears from the record that both claimant and respondent were operating under and subject to the provisions of the Workmen's Compensation Act, and the only question involved is the nature and extent of the injury sustained by the claimant, and the amount of compensation to be paid therefor, if any.

After the accident the condition of claimant's knee improved, but her wrist continued to pain her more and more from day to day. She continued in her employment to February 27th, 1934, when the pain became so severe that she consulted Dr. Charles L. Patton of Springfield. An X-ray picture of her arm was taken on that date, which showed a fracture of the head of the left radius without displacement of the fragments. The arm was placed in a cast which was finally removed on March 28th, 1934. She was given diathermy treatments from March 29th to April 20th, and on April 20th another X-ray was taken and it was then ascer-

tained that the wrist bone was infected. The arm was placed in a steel brace which was not removed until May 16th, 1934.

Claimant was off duty until July 6th, 1934, but was paid her salary in full from the date of the accident to the date she returned to work on July 6th, as aforesaid. She continued to work until December 12th, 1934, on which date she was taken sick while at work. On leaving her place of work on that date she went to see Dr. Trainor, an osteopath. She states that Dr. Trainor at that time "found two or three vertebrae out in the back of my neck." She remained under the care of Dr. Trainor until December 17th when she resumed work, and continued to work until December 20th, 1934. On that date while at work she took a chill and went home, fever followed, then the flu, resulting, finally in sinus trouble involving both ears. She was treated by Dr. Albert C. Aschauer of Springfield who gave her fifteen or twenty treatments. She claims that she still has the sinus trouble and that the same is the result of the injuries she sustained when she slipped and fell as aforesaid. However, the evidence fails to establish any connection between the injury of January 28th, 1934 and the illness of December 12th, 1934 and thereafter.

Dr. Patton who treated claimant for the injury to her wrist, testified that she now has good motion in her elbow, wrist and shoulder and has hypertrophic arthritis in the small joints of the hand; that there has been a complete healing of the elbow, but that she still has a soreness in her hand from her arthritis.

She incurred expenses for medical, surgical and nursing services and for incidental expenses in connection therewith between the date of the accident and July 6th, 1934, in the total amount of $222.25, and incurred similar expenses between December 6th, 1934 and February 15th, 1935, in the total amount of $50.00.

Claimant was paid her regular wages during all of the time from the date of the accident until the 1st day of January, A. D. 1935, and therefore is not in position to make claim for temporary total compensation. The evidence does not disclose any specific loss nor any partial permanent disability, resulting from the accident in question, for which she is entitled to compensation under the provisions of the Work-

men's Compensation Act, and the claim for compensation for injuries sustained must therefore be denied.

Under the evidence and the provisions of Section 8a of the Compensation Act, claimant is entitled to an award for the medical and surgical expenses, etc. incurred between the date of the accident and the 6th day of July, A. D. 1934, as aforesaid, but not for the expenses incurred by her on and subsequent to December 6th, 1934.

Award is therefore entered in favor of the claimant for the sum of Two Hundred Twenty-two Dollars and Twenty-five Cents ($222.25.)

This award being subject to the provisions of an Act entitled *"An Act Making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof,"* approved July 2d, 1935 (Session Laws of 1935, p. 49), is, by the terms of such Act, subject to the approval of the Governor, and upon such approval, is payable from the General Revenue Fund in the manner provided by such Act.